865 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
STEEL ERECTORS, INC., Plaintiff-Appellee,
and
United States of America for the Use of Steel Erectors,
Inc., Plaintiff,
v.
J.A. JONES CONSTRUCTION COMPANY, Defendant-Appellant,
and
Aetna Insurance Company, Defendant.
 No. 88-2505.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 28, 1988.
Decided: Nov. 28, 1988.
 
 William E. Sumner, Steven E. Harbour, Sumner & Hewes; Edward Patterson Riley, Jr., George Kermit Lyall, Nelson, Mullins, Riley & Scarborough, on brief, for appellant.
 W. Brantley Harven, Jr., William B. Harvey, III, Harvey & Battey, P.A., on brief, for appellees.
 Before DONALD RUSSELL and JAMES DICKSON PHILLIPS, Circuit Judges, and DENNIS R. KNAPP Senior United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 J.A. Jones Construction Company (Jones) appeals from an order of the United States District Court for the District of South Carolina denying its motion to stay entry of a judgment against it. Jones moved to stay entry of a judgment of $58,500 in favor of Steel Erectors (Steel) to preserve the possibility of set-off against a favorable judgment Jones expected to receive in an action involving the same parties which is currently pending in Georgia. Jones claimed that Steel's precarious financial condition might preclude Jones' collection of any possible judgment in the Georgia action, and that the stay was necessary to ensure that Steel did not receive any money from Jones to which it ultimately was not entitled. We conclude that the district court's denial of Jones' motion was within its discretion and therefore affirm.
 
 
 2
 * The events which ultimately led to this court began in October 1986 when International Testing Consultants, Inc. (ITS) sued Jones in Georgia state court for payment for work performed. ITS had tested welding work that Steel had done for Jones as part of Jones' contract obligations on the High Bay Mock-Up Facility at the Savannah River Plant in Aiken, South Carolina. After ITS filed the suit, Jones removed it to federal court in the Southern District of Georgia and filed a third-party complaint against Steel and P.E. Clifton, who was the principal shareholder and owner of Steel and the personal guarantor of Steel's contract with Jones.
 
 
 3
 At this point, the action in South Carolina commenced. In November 1986, Steel filed a claim against Jones in the district court for the District of South Carolina, seeking damages arising out of a different contract between the parties. This contract concerned work on the Support Facility Project at the Savannah Plant. Before Jones answered this complaint, Steel counterclaimed against Jones in the Georgia action for breach of contract and money allegedly due and issued a fourth-party complaint against Jones' surety and the owner's representative.
 
 
 4
 Jones answered the South Carolina complaint in April 1987, averring a general denial, failure of consideration and set-off, and later moved to transfer the action to Georgia to be consolidated with the action proceeding there. The district court denied the transfer motion, finding that the actions did not involve the same issue and the equities did not necessarily favor Georgia as the sole forum. In November 1987, Jones notified the district court in South Carolina that it and Steel had settled that action for $58,500, but preserved its right to request a stay of entry of that judgment, pending resolution of the Georgia action. In an oral order on February 2, 1988, the court denied Jones' motion for a stay, reasoning that Steel would be unduly prejudiced by the requested delay in collection of its judgment.
 
 
 5
 Shortly after the denial, the trial commenced in the Georgia action, resulting in a jury award of $510,684 for Steel on its counterclaim against Jones. The Georgia court later granted Jones' motion for a new trial, however, based on a finding that as a matter of law Steel had breached the anti-assignment clause in its contract with Jones and was therefore not entitled to a counterclaim verdict.
 
 
 6
 The case is here on Jones' appeal from the order denying its motion to stay entry.
 
 II
 
 7
 We fully agree with Jones that the practice of set-off is well-established. See Pearlman v. Reliance Ins. Co., 371 U.S. 132, 140 (1962); United States v. Munsey Trust Co., 332 U.S. 234, 239 (1947). The issue, however, is not whether Jones might be entitled to set-off, but whether the district court erred in refusing to grant Jones' motion to stay entry of the judgment against Jones to preserve the possibility of set-off.
 
 
 8
 District courts have the discretion to grant or deny motions to stay entry of judgments. Proper use of discretion " 'calls for the exercise of judgment which must weigh competing interests and maintain an even balance.' " Williford v. Armstrong World Indus., 715 F.2d 124, 127 (4th Cir.1983) (quoting Wedgeworth v. Fibreboard, 706 F.2d 541, 545 (5th Cir.1983)). This is precisely what the district court did here. In rejecting Jones' motion at an oral hearing, the court explained:
 
 
 9
 I'm going to deny the motion.... I look at it as a matter within my discretion, and my discretion swayed in favor of denying the motion for several reasons. [T]he prejudice that is going to result to the parties is probably pretty well-balanced.... It would probably weigh in favor of [Steel] slightly, because of the fact that it's in poor financial condition.... [B]asically it boils down to who needs the money the worst. And I think that [Steel] needs the money the worst.... The real telling part of it ..., however, is the fact that we are dealing with separate transactions. Any time that you have an on-going relationship with anybody, you run the risk of having to pay them under one transaction; and then at some later date when they owe you, they are not able to pay you back. That's something you always run into.... And I don't think it's right to mingle the two.... And I don't think that that is something that equity should permit.... [I]f it were the same contract, if it were the same job, I would stay it in a minute.... But ... I don't think I should exercise my discretion in favor of the stay in this case.
 
 
 10
 It is apparent that the court carefully considered the competing interests and determined that Jones as moving party had failed to justify the requested stay by clear and convincing circumstances that outweighed the potential harm to Steel against whom the stay would operate. Accord Williford, 715 F.2d at 127.
 
 
 11
 Jones argues that the district court's denial should not be accorded the ordinary deference because it is based on an erroneous conclusion of law, i.e., that a stay to preserve a potential set-off should not be granted when wholly distinct transactions are involved. See Heat and Control, Inc. v. Hester Indus., 785 F.2d 1017, 1022 (Fed.Cir.1986) (courts not due ordinary deference when basing conclusions on erroneous conclusions of law). While we recognize that set-off has historically been available in situations involving separate transactions, 3 Moore's Federal Practice Sec. 13.02, we perceive the court's consideration of the separateness of the transactions merely as a factor it considered in its proper balancing of the equities, rather than a misconception of the applicable law requiring reversal.
 
 
 12
 AFFIRMED.